UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-

D-2 ELFAT EL AOUAR,

                Defendant.

_____/

No. 06-20248

HON. JOHN CORBETT O'MEARA

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant ELFAT EL AOUAR and the government agree as follows:

### 1.    GUILTY PLEA(S)

#### A.    Count(s) of Conviction

Defendant will enter a plea of guilty to **Count Four** of the Indictment which charges Income Tax Evasion; Aiding and Abetting and for which the maximum penalty is 5 Years imprisonment and a $250,000 fine. The government will move to dismiss defendant from counts one, two and three of Indictment at sentencing.

#### B.    Elements of Offense(s)

The elements of Tax Evasion are as follows:

(1) Defendant Talal Chahine owed substantially more federal income tax than he paid (or declared on his income tax return);

(2) Defendant Chahine knew that he owed substantially more federal income tax than he paid (or declared on his income tax return);

(3) Defendant Chahine affirmatively attempted to evade or defeat this tax as described in the Indictment and in this agreement; and

(4) Defendant El Aouar, knowing about the details of the tax fraud scheme, knowingly and wilfully aided and abetted the scheme, that is, she acted with the intention of defrauding the government of taxes owed.

## C. Factual Basis for Guilty Plea(s)

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

From on or about January 1, 2003 through on or about April 15, 2004, defendant TALAL CHAHINE individually, and as sole owner of La Shish, Inc., a Lebanese restaurant chain in the Detroit, Michigan area, knowingly, intentionally and wilfully executed an ongoing scheme to evade personal and corporate federal income taxes. Specifically, at TALAL CHAHINE's direction, La Shish maintained a double set of computerized books, records and balance reports, one real and one fictional. The fictional books, records and balance reports artificially reduced the amount of income in the form of cash that was actually received by the restaurants. To evade government scrutiny, CHAHINE also directed that La Shish fail to deposit into any bank within the United States substantial cash receipts from the restaurants. Instead, CHAHINE had his employees convert substantial amounts of the hidden cash receipts into cashiers checks and also to "shrink" the size of the cash by converting smaller denomination notes into larger denomination notes. CHAHINE also disposed of unreported undeposited cash by paying employees of La Shish all or partly in cash. In furtherance of this scheme to evade federal income taxes, on or about April 15, 2004, TALAL CHAHINE knowingly, intentionally and wilfully failed to file his federal income tax return for 2003 when he had gross receipts of $21,412,037 and thus evaded $1,593,223 in federal income tax. Defendant ELFAT EL AOUAR knew the details and methods of the tax fraud scheme as described above. She also knowingly and wilfully aided and abetted the tax fraud during 2003 through April 15, 2004 by maintaining a computer system at her home in Plymouth, Michigan, whereby the double set of computerized books and records was created, handled and maintained the double set of records, and handled large amounts of cash for the purpose of having it "shrunk" in size or converted into cashier's checks.

2. **SENTENCING GUIDELINES**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes, except that defendant reserves the right to seek an extra two point reduction for mitigating role and the government reserves the right to oppose the reduction. Except as provided below, defendant's guideline range is 30 to 37 months, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 30 to 37 months, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B. Supervised Release

A term of supervised release may follow any term of imprisonment. The Court may impose a term of supervised release on Count one of up to 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C. Special Assessment(s)

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

The Court may impose a fine on each count of conviction in any amount up to **$250,000**.

**E.     Restitution**

The amount of restitution will be determined by the Court.

## 4.     OTHER CHARGES

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 5.     EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 6.     RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal her conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw her guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw her guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10.   ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on December 12, 2006. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY
United States Attorney

_____
ALAN M. GERSHEL
Chief, Criminal Division

_____
ERIC M. STRAUS
Assistant United States Attorney
Chief, National Security Unit

_____
KENNETH R. CHADWELL
Assistant United States Attorney

Date: 12/08/06

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms.  She also acknowledges that she is satisfied with her attorney's advice and representation.  Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

_____
JAMES C. THOMAS
Attorney for Defendant

_____
ELFAT EL AOUAR
Defendant

- 7 -

# WORKSHEET A   (Offense Levels)

Defendant: ___Elfat El Aouar___

Count(s): _____

Docket No.: _____

Statute(s): ___26 U.S.C. § 7201___

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2T4.1(I) | Tax Evasion of More than $1 Million | 22 |
| §2T1.1(a)(1) | | |
| §2T1.1(b)(2) | Sophisticated Means | 2 |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.2(b) | Minor Participant | -2 |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**22**

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☑

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☑

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.** (COMBINED) ADJUSTED OFFENSE LEVEL

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

 22

**2.** ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)

 -3

**3.** TOTAL OFFENSE LEVEL

Enter the difference between Items 1 and 2.

 19

**4.** CRIMINAL HISTORY CATEGORY

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

**5.** CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)

a. <u>Total Offense Level</u>: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



b. <u>Criminal History Category</u>: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



**6.** GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

 30 to 37 mos.

**7.** STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

 months

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**

    a.   Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[√]    1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]    2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.   Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ]    1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]    2.   No more than 3 years (total offense level < 6).

    c.   Conditions of Probation (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[√]    a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]    b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E, p. 2)**

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a.  <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐   1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☑   2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.  The statute of conviction requires a minimum term of supervised release of _____ months.

    c.  <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

☐   1.  The court will determine whether restitution should be ordered and in what amount.

☐   2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐   3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐   4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐   5.  Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

**6.    FINE** (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 6,000 | $ 250,000 |

**7.    SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
$ 25.00 for every count charging a Class A misdemeanor,
$ 10.00 for every count charging a Class B misdemeanor, and
$   5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of  $   100.00   .

**8.    ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

**9.    UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range._____None_____

_____

_____

(rev. 06/99)