UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

ELFAT EL AOUAR,

               Defendant.
_____/

Criminal No.  06-20248

HON. JOHN CORBETT O'MEARA

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its undersigned attorneys, respectfully submits this sentencing memorandum to inform the Court of its position at sentencing.

### I. Introduction

On December 12, 2006, Defendant Elfat El Aouar pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count (count 4) of Income Tax Evasion in violation of 26 U.S.C. § 7201.  The plea agreement provided that Defendant El Aouar would be held accountable for between $1 million and $2.5 million of the evaded tax (see U.S.S.G. § 2T4.1), would receive a three level reduction for acceptance of responsibility, and would receive an additional two point reduction as a "minor participant" in the offense.  This resulted in an agreed sentencing guideline range of 30 to 37 months.   The plea agreement also provides that El Aouar will be dismissed from  counts one, two and three of the Indictment at

sentencing. The government urges the Court to accept the plea agreement reached by the parties in this matter, and to sentence Defendant El Aouar within the stipulated sentencing guideline range of 30 to 37 months, for the reasons and considerations which are set forth at length below.

## II.  Legal Framework

Although sentencing guidelines are no longer mandatory after *United States v. Booker*, 543 U.S. 220 (2005), a district court "nonetheless must consider the applicable guideline range together with the other statutory factors." *United States v. Morris,* 448 F.3d 929, 931 (6th Cir. 2006); 18 U.S.C. § 3553(a)(4) (listing sentencing guidelines as one of the factors courts should consider in imposing sentence). Section 3553(a)(2) provides that a court shall impose a sentence "sufficient, but not greater than necessary, to comply" with the following purposes: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In fashioning such a sentence, the court shall consider, among the other factors set forth in Section 3553, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

## III.  Application of Section 3553 Factors

## A.  Nature and Circumstances of the Offense

Although it was Talal Chahine who involved his wife in the tax fraud scheme, Elfat El Aouar herself engaged in many criminal acts to advance the scheme.  Defendant El Aouar holds a Bachelors degree and a Masters degree in business administration.  She worked in various capacities at La Shish, Inc., including as Vice President of Finance through October 2004, and shared in assets and income produced by the restaurants.  (Presentence Report ¶¶ 8, 38, 40)   In furtherance of the tax fraud scheme, Elfat El Aouar helped oversee the maintenance of a double set of computerized books and records, one real and one altered, for La Shish, Inc.  A complex computer program, which was located at her residence, artificially and systematically reduced the amount of receipts in the form of cash received by the restaurants over a five year period – 2001, 2002, 2003, 2004 and 2005, although only the earliest four tax years are currently charged.  This resulted in more than $20,000,000 in cash being skimmed from the business, and approximately $6.9 million in evaded federal income taxes.[1]  This money is missing from the United States.

Elfat El Aouar, and Chahine supervised the conversion of this cash into cashier's checks made out to individuals in Lebanon and also to the shrinking of the size of the cash

---

[1] The taxes, penalties and interest currently due and owing from the tax evasion, as of May 31, 2007, will be $19,352,797.34.

3

from small denomination notes into larger denomination notes to facilitate its smuggling out of the country. (Presentence Report ¶ 8; Rule 11 Plea Agreement ¶ 1(C))  In addition to her supervisory role over others, Elfat El Aouar also personally handled millions of dollars which had been laundered through Lebanon and sent back to the United States, personally structured financial transactions to evade bank reporting requirements, and personally procured structured and non-structured cashier's checks made out to individuals in Lebanon for purposes of smuggling the skimmed cash out of the country. For example, on March 17, 2000, Elfat El Aouar procured an $8,100 cashier's check made out to Mariana El Haj (in Lebanon); on March 20, 2000, Defendant El Aouar went to five different banks and procured five cashier's checks all made out to Mariana El Haj (in Lebanon) for $9,800, $2,850, $9,800, $9,800, and $9,800; on July 17, 2001, Defendant procured a $9,000 cashier's check made out to Mohamad Kanso (in Lebanon). (Detention Hearing, 5/19/06, Government's Exhibit 6) When IRS agents executed search warrants on April 19, 2005 at La Shish, Inc., they found $1,026,456 in cash and 74 copies of cashier's checks totaling approximately $801,104. The seized records showed that Defendant El Aouar personally purchased at least $272,750 in structured and unstructured cashier's checks made out to individuals in Lebanon from the skimmed cash. (Presentence Report ¶ 13)

**B.  History and Characteristics of the Defendant**

Under 18 U.S.C. § 3553(a)(1), the Court should also consider the history and

characteristics of the defendant. To her credit, Elfat El Aouar has no prior criminal history, but this factor has already been accounted for in calculating her sentencing guidelines with a criminal history category of I. As mentioned previously, defendant El Aouar is highly educated and will be readily employable at the conclusion of her sentence. Defendant also has a supportive family present in the United States, three siblings and two living parents, to help oversee her affairs while she is incarcerated. According to the presentence report, a combination of Defendant El Aouar's nanny and her sister Rula Al Aouar, a medical doctor, will be caring for her three minor children[2] during the period of incarceration. (Presentence Report ¶ 34) Defendant has no documented history of drug or alcohol abuse that would require treatment during incarceration. (Presentence Report ¶ 37) Finally, while Defendant El Aouar reports depression due to this case, which is understandable, she is taking no medication for the depression. (Presentence Report ¶ 36)

**C. The Need to Reflect the Seriousness of the Offense and to Deter Others**

This case represents one of the more complex, sophisticated and costly tax fraud

---

[2] It goes without saying that these children, for their own well being, should not be removed from the United States to the extremely volatile country of Lebanon to visit their fugitive father during Defendant El Aouar's incarceration. Numerous terrorist organizations have set up shop in Lebanon and, just last summer, much of the country was bombed by the Israeli Air Force necessitating the emergency evacuation of U.S. citizens from the country.

schemes ever to be prosecuted in the Eastern District of Michigan. Defendant El Aouar was heavily involved in virtually all aspects of the operation and personally profited from it as is evident from her wealthy lifestyle. Defendant El Aouar stands to profit from the tax fraud for the rest of her life following her incarceration given the missing $20 million secreted in Lebanon, as well as Talal Chahine's long history of lavishly supporting El Aouar and her children with international trips, servants, luxury automobiles, and a large, well-appointed home. It is imperative that this Court render a sentence that "reflect[s] the seriousness of the offense, [] promote[s] respect for the law, and [] provide[s] just punishment for the offense" while also "afford[ing] adequate deterrence" to others who hear about this case. 18 U.S.C. § 3553(a)(2)(A), (B). A non-custodial sentence, or one that seriously deviates from the stipulated sentencing guideline range of 30 to 37 months, simply would not accomplish those important objectives under the specific facts and circumstances present here.

### IV. Unresolved Objections to the Presentence Report

The Probation Department has calculated the sentencing guideline range applicable to Defendant El Aouar slightly higher than the parties, at 37 to 46 months. The difference between the Probation Department's calculation and the Rule 11 Plea Agreement is the additional $5.3 million in evaded income tax from the (to be) dismissed counts, which amounts to an extra two points in Defendant El Aouar's base offense level. Defendant El Aouar filed a timely objection to the addition of these two points, and that objection has yet to be resolved. As part of plea negotiations and to arrive at a range which both (1) Defendant El Aouar could live with and (2) would be fair and just under all of the circumstances, the

government agreed to hold her accountable for only between $1 million and $2.5 million of the tax fraud. In reaching this decision, the government considered the fact that Elfat El Aouar has three minor children and no prior criminal history, and does not currently have possession of the skimmed cash proceeds from the fraud. The government stands by this agreement and asks the Court to sustain Defendant El Aouar's objection.

There were no other objections of real import to the presentence report. Although in the Rule 11 Plea Agreement (¶ 2(B)), Elfat El Aouar reserved the right to seek an additional two point reduction (in addition to the stipulated two point minor participant reduction) for her role in the offense, she has not pursued that matter via an objection. Nor has she objected to the Probation Department's assessment that there are no factors which would warrant a departure from the sentencing guideline range. (Presentence Report ¶ 56)

## V. Departure from the Sentencing Guidelines

While the government has yet to see a request for a departure from the sentencing guidelines by way of an objection to the presentence report or otherwise, defense counsel has at various times advised government counsel that a departure may be requested based upon Elfat El Aouar's family circumstances. However, "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. Defendant El Aouar's family situation is not unlike numerous other defendants sentenced by this Court every day. In fact, it is much better than most. The truth is, to the extent there are grounds for a departure from the sentencing guidelines in this case, it would be an upward departure given the enormity of the tax fraud and Defendant El Aouar's

extensive involvement in all aspects of it.

## VI.  CONCLUSION

For all of the foregoing reasons, the government requests that this Court impose a sentence within the stipulated sentencing guideline range of 30 to 37 months.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

S/Kenneth R. Chadwell
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9698
E-Mail: ken.chadwell@usdoj.gov
Bar Code: P39121


S/Julie Beck
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9717

Dated: May 11, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on Friday, May 11, 2007, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>James C. Thomas
>jctdetroitlaw@msn.com

>S/Kenneth R. Chadwell
>Assistant U.S. Attorney
>United States Attorney's Office
>211 W. Fort Street, Suite 2001
>Detroit, MI  48226
>Phone:  313-226-9698
>E-Mail: ken.chadwell@usdoj.gov
>Bar Code: P39121

Dated: May 11, 2007